# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- | ) |
| | ) |
| Herai Alpha Construction Consultancy | ) ASBCA Nos. 59386, 59774 |
| and Engineering Company | ) |
| | ) |
| Under Contract No. W5J9JE-13-C-0028 | ) |

APPEARANCE FOR THE APPELLANT: William J. Spriggs, Esq.
    Spriggs Consulting Services
    Lynchburg, VA

APPEARANCES FOR THE GOVERNMENT: Thomas H. Gourlay, Jr., Esq.
    Engineer Chief Trial Attorney
    James D. Stephens, Esq.
    Engineer Trial Attorney
    U.S. Army Engineer District, Middle East
    Winchester, VA

## OPINION BY ADMINISTRATIVE JUDGE DELMAN
## ON APPELLANT'S MOTION FOR SUMMARY JUDGMENT

Herai Alpha Construction Consultancy and Engineering Company (appellant) has filed a motion for a summary judgment, seeking reversal of a default termination under ASBCA No. 59386 and its conversion to a termination for convenience.* The government has filed in opposition to summary judgment. ASBCA No. 59774 relates to a deemed denial of appellant's affirmative claim for money and time. While appellant's motion captions both appeals, the motion does not substantively address appellant's affirmative claim. Accordingly, we address the motion solely as it pertains to the default termination under ASBCA No. 59386. We have jurisdiction under the Contract Disputes Act, 41 U.S.C. §§ 7101-7109.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. On 31 May 2013, appellant and the government entered into this contract for design and construction of a "Forward Area Arming and Refuel Point," in Kunduz Province, Afghanistan (R4, tab 9). The contract incorporated the following standard provisions by reference: FAR 52.233-1, DISPUTES (JUL 2002); FAR 52.243-4, CHANGES

---

* Appellant's motion was dated 23 March 2015. On 24 March 2015, appellant filed a revised motion, adding a paragraph to its "Statement of Undisputed Material Facts" and attaching a declaration of its project manager.

(JUN 2007); FAR 52.249-10, DEFAULT (FIXED-PRICE CONSTRUCTION) (APR 1984) (R4, tab 9 at 18-19).

2. The contract contained a 450-day period of performance (R4, tab 9 at 19). On 24 June 2013, the government issued a notice to proceed to appellant, making the contract completion date (CCD) 18 September 2014 (supp. R4, tab 49). On 13 April 2014, the parties agreed to a 34-day time extension for weather and security-related delays, making the CCD 22 October 2014 (supp. R4, tab 46).

3. During March-April 2014, the government sent appellant a number of letters expressing concern with appellant's quality control, safety, and design implementation (R4, tabs 27, 28, 33). On 8 March 2014, appellant submitted to the government, by email, a request for equitable adjustment (REA). The REA sought a 167-day time extension for various delays for which appellant believed it was not responsible. (App. supp. R4, tab A-12)

4. The contracting officer (CO) acknowledged receipt of the REA by email on 10 March 2014. He replied as follows:

> Sir,
>
> I have received your SL H-0001 requesting 167 days – this is surprising to me since we have removed a large portion of the contract. You will be receiving a formal reply within the next 30 days – but based on this new information – I'm going to [] recommend to the customer that the entire project be terminated.

(App. supp. R4, tab A-14) According to appellant's project manager, appellant did not receive any reply to its REA from the government (app. revised mot., attach., decl. ¶ 6).

5. The government issued to appellant proposals for work change on 18 February 2014 (R4, tab 25) and on 22 March 2014 (R4, tab 31). Appellant submitted responses to these proposals but according to appellant's project manager, the government never responded (app. revised mot., attach., decl. ¶ 7).

6. The government issued a partial clearance for construction on 27 March 2014, as per 65% design approval (R4, tab 32). It also issued a partial clearance for construction on 24 April 2014, as per 95% design approval (R4, tab 34).

7. On 30 April 2014, the CO issued a written notice to the appellant, suspending all work on the project. No reason was provided for this suspension. (R4, tab 35)

2

8. By letter to appellant dated 11 May 2014, the CO issued a final decision (COFD) terminating the contract for default. Insofar as pertinent, the COFD stated as follows:

**FACTUAL BACKGROUND:**

....

Currently, this contract is over 300 days into the period of performance and according to schedule the project should be 64% complete. However, HACC&E has only completed 9% of the work to date. HACC&E is still missing critical submittals to start construction work. In addition, mobilization was slow and the contractor has an insufficient workforce to complete the project by the required date.

**CONSIDERATION OF THE FACTORS:** In accordance with FAR 49.402-3 (f), I am required to consider the following factors prior to reaching a decision as to whether to terminate this contract for default. Below is my consideration of each of the factors and my termination decision.

....

**2. The specific failure of the contractor and the excuses for the failure:**

i. As outlined above, HACC&E has failed to prosecute the work. HACC&C is currently over 300 days into the period of performance and has made little progress on this project. As noted, the construction as scheduled should be 64% complete at this point in the contrac[t]; however, HACC&E has only completed 9% of the work. HACC&E has been advised by the Government that it is not proceeding satisfactorily and has not adequately staff[ed] the project.
Reference Serial letters: C-0006, Letter of Concern dated 1 March 2014, C0007, Letter of Concern dated 3 March 2014, and C0010, Corrective Action dated 7 April 2014.

ii. Given the contractor's lack of responsiveness and reliability, I cannot see how HACC[&E] can successfully complete this project.

3

....

**7. Any other pertinent facts or circumstances:**

Contractor has been slow to mobilize to the project site, they were slow to provide a list of government furnished material to the point that we were forced into a position that would have required the government to modify the contract to have the contractor provide the material.

A partial Termination for Convenience (T4C) was issued to remove 6 buildings from the contract to ensure completion of the project in the required time frame. Instead of speeding up construction the contractor came back and asked for additional time to complete less work.

An RFP was issued to change many of the facilities to a more austere standard, HVAC units were replaced by simple wood burning stoves, and roads were left unpaved, yet the contractor again requested more time.

In conclusion, the acts and omissions constituting the default is because of no significant progress on the project.

Based on the above, the undersigned determines that a termination for default of this contract is proper and in the best interest of the Government. USACE does not intend to reprocure this project.

(R4, tab 2)

9. The COFD did not expressly address appellant's request for a 167-day time extension. According to the CO, he did consider the REA and concluded that it was without merit (gov't reply, attach., decl. ¶ 4). Appellant challenges whether the CO did in fact review the matter prior to the default termination decision, and even if he did, appellant challenges the CO's conclusion, asserting that appellant was in fact entitled to the 167-day time extension, and was thus entitled to a progress review based upon the CCD as so extended.

10. Appellant timely appealed the COFD to this Board, and the appeal was docketed as ASBCA No. 59386.

11. On 30 October 2014, appellant submitted a certified claim to the CO, seeking an equitable adjustment in the amount of $1,722,800 and a time extension in the amount of 239 days (supp. R4, tab 45). The CO did not issue a decision on this claim. Appellant appealed the deemed denial of its claim to the Board, and the appeal was docketed as ASBCA No. 59774. The appeals were consolidated.

## DECISION

It is well settled that in order for a party to obtain summary judgment it must show that the material facts are undisputed and it is entitled to judgment as a matter of law. *Mingus Constructors, Inc. v. United States,* 812 F.2d 1387, 1390 (Fed. Cir. 1987).

Appellant has not shown that the material facts are undisputed here. We find a number of such fact disputes of record, including (1) whether the CO's decision to terminate for default was based upon an assessment of appellant's construction progress, taking into account any of the 167-day excusable delay asserted by the contractor; and (2) if the CO made such an assessment prior to his decision, whether such an assessment was correct. Given these material fact disputes, summary judgment is not appropriate.

Appellant's motion for summary judgment is denied.

Dated: 17 August 2015

JACK DELMAN
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

5

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 59386, 59774, Appeals of Herai Alpha Construction Consultancy and Engineering Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
